UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Aaron Gero</u>

   v.                                  Civil No. 23-cv-315-LM-AJ

<u>FCI Berlin Warden</u>

**REPORT AND RECOMMENDATION**

Before the court is Aaron Gero's Complaint (Doc. No. 1), which he filed when he was a prisoner at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"). The complaint is before this magistrate judge for preliminary review under LR 4.3(d)(1) and 28 U.S.C. § 1915A(a).

**<u>Preliminary Review Standard</u>**

The court may dismiss claims asserted in a prisoner's complaint, if the court lacks jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim, or the action is frivolous or malicious. <u>See</u> 28 U.S.C. § 1915A(b). The court construes pro se pleadings liberally. <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam).

**<u>Background</u>**

Mr. Gero filed this action with less than six months left to serve on his sentence, complaining about incidents that

occurred while he was participating in the FCI Berlin medication assisted treatment ("MAT") program to treat his opioid addiction. Construed liberally, the Complaint asserts the following types of claims for injunctive relief:

> 1. An Eighth Amendment deliberate indifference claim, arising from an FCI Berlin nurse's conduct in seeking to induce Mr. Gero to accept an injectable medication known as sublocade, in lieu of his prescribed daily dose of an oral medication known as suboxone;
>
> 2. An Eighth Amendment harassment/humiliation claim, arising from: (a) the conduct of an FCI Berlin nurse in calling the Lieutenant's office on two occasions after Mr. Gero had taken his suboxone, and (b) the conduct of the FCI Berlin corrections officers in subjecting Mr. Gero to a strip search and an anal cavity search thereafter; and
>
> 3. A Fifth Amendment equal protection claim, arising from an FCI Berlin nurse's conduct in subjecting Mr. Gero, who is black, to less favorable treatment than other prisoners in the MAT program, who receive suboxone without enduring harassment or pressure to switch to sublocade.

The only relief requested is an order directing the BOP to allow the plaintiff to take suboxone and to cease harassing him. The FCI Berlin Warden is the only named defendant.

### Discussion

**I.  Mootness**

Mr. Gero is no longer a prisoner in BOP custody. The BOP Online Inmate Locator states that Mr. Gero was released on November 29, 2023. The information in the BOP Online Inmate Locator is self-authenticating and properly the subject of

judicial notice.  See Fed. R. Evid. 201(b)(2), 902(5); United States v. Rivera, 466 F. Supp. 3d 310, 313 (D. Conn. 2020).

Mootness provides a basis for this court, sua sponte, to dismiss all of the claims in this case, based on the nature of the relief requested, and plaintiff's release.  See Ford v. Bender, 768 F.3d 15, 29 (1st Cir. 2014) (in the absence of claims for damages, "[a] prisoner's challenge to prison conditions or policies is generally rendered moot by his transfer or release").  Cf. Anderson v. Rehmer, 696 F. App'x 536, 537 (2d Cir. 2017) (affirming sua sponte dismissal of complaint seeking only injunctive relief, as inmate's "transfer to a new facility prevents him from seeking either injunctive or declaratory relief against officials of his prior facility").  The district judge should thus dismiss this case as moot, without prejudice to the plaintiff's ability to file a similar action asserting claims for damages.

**II.  Failure to Pay Filing Fee or File In Forma Pauperis Motion**

Mr. Gero has not complied with the order requiring him to pay the filing fee or to file an application to proceed in forma pauperis ("IFP") in this case.  See June 15, 2023 Notice (Doc. No. 2).  His failure to do so suggests an intent to abandon this case, which would provide an additional ground for dismissal

without prejudice, if the plaintiff does not file an IFP application or pay the filing fee within the time allowed for objecting to this Report and Recommendation ("R&R").  See generally 28 U.S.C. §§ 1914, 1915; see also Link v. Wabash R. Co., 370 U.S. 626, 630 (1962) (court has inherent power to dismiss sua sponte for lack of prosecution); Olsen v. Mapes, 333 F.3d 1199, 1204 (10th Cir. 2003) (courts may "dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders"); Heck v. Payne Cnty. Sheriff's Off., No. CIV-23-869-D, 2023 WL 8114376, at *1, 2023 U.S. Dist. LEXIS 209204, at *1 (W.D. Okla. Nov. 22, 2023) (declining to dismiss case for lack of payment of filing fee and lack of filing of IFP motion, where plaintiff filed IFP motion during R&R's objection period).

## Conclusion

For the foregoing reasons the district judge should dismiss this action as moot, without prejudice to Mr. Gero's ability to file an action for damages, upon paying the filing fee or filing an application to proceed in forma pauperis.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2). The objection period may be extended upon motion.  Only those

issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'"  Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).

                                                                                  _____
                                                                                  Andrea K. Johnstone
                                                                                  United States Magistrate Judge

December 4, 2023

cc:  Aaron Gero, pro se